**No. 15-3273**

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT**

_____

ERICK MARQUEZ, IRAIDA GARRIGA,
formerly known as IRAIDA ORTIZ, and DORIS RUSSELL,
on behalf of plaintiffs and a class,

Plaintiffs-Appellants,

v.

WEINSTEIN, PINSON & RILEY, P.S.,
EVAN L. MOSCOV, and NCO FINANCIAL SYSTEMS, INC.,

Defendants-Appellees.

_____

Appeal from The United States District Court
for the Northern District of Illinois
No. 14 C 739
The Honorable John J. Tharp Jr., Judge

_____

**REPLY BRIEF OF
PLAINTIFFS-APPELLANTS**

_____

Daniel A. Edelman (Counsel of Record)
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER  & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
courtecl@edcombs.com
_Counsel for Plaintiffs-Appellants_

_____

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I. MISLEADING DIRECTIONS IN A STATE COURT COMPLAINT ABOUT HOW TO RESPOND TO IT ARE A VIOLATION OF THE FDCPA. . . . . . . 2

II. THE PRESENT FDCPA COVERS IMPROPER LITIGATION CONDUCT OF ATTORNEYS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

A.    The Supreme Court Has Held That Litigation By Collection Attorneys is Covered by the FDCPA. . . . . . . . . . . . . . . . . . 4

B.    Congress Has Adopted The Supreme Court's Holding. . . . . 6

C.    The CFPB Has Adopted The Supreme Court's Holding. . . . 9

D.    Nothing in the Dodd Frank Act Implies a Contrary Intent. . 10

E.    The Definition of "Collect" Does Not Exclude Litigation. . . . 14

F.    FDCPA Application to Litigation Does Not Interfere with Judicial Procedure. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

G.    The FDCPA expressly covers misleading statements about responding to collection lawsuits. . . . . . . . . . . . . . . . . . . . 18

III.    THE FIRST AMENDMENT PETITION CLAUSE DOES NOT IMMUNIZE PLEADINGS FROM THE FDCPA. . . . . . . . . . . . . . . . 20

A.    Misleading statements in complaint with no relation to substance of claims are not protected by First Amendment. 23

IV.    MISLEADING STATEMENTS ABOUT HOW TO RESPOND TO A LAWSUIT ARE MATERIAL AS A MATTER OF LAW. . . . . . . . . . . . 24

V.    ALL DEFENDANTS CLAIMS THAT A REPRESENTATION HELD TO BE MISLEADING BY THE SECOND CIRCUIT AND NUMEROUS

FEDERAL DISTRICT JUDGES IS NOT MISLEADING AS A MATTER OF LAW IS MERITLESS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

VI.     CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

TYPE VOLUME CERTIFICATION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

# TABLE OF AUTHORITIES

## CASES

*Admiral Ins. Co. v. Weitz & Luxenberg*, P.C., No. 02 Civ. 2195(RWS), 2002 WL 31409450, *4, 2002 U.S. Dist. LEXIS 20306 (S.D.N.Y., Oct. 24, 2002) . . . . .  6

*American Heritage Dictionary*, p. 261 (1973). . . . . . . . . . . . . . . . . . . . . . . . . . 14

*BE & K Const. Co. v. NLRB*, 536 U.S. 516, 525 (2002). . . . . . . . . . . . . . . . 20, 21

*Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470 (7th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 23

*Berg v. Blatt, Hasenmiller, Leibsker & Moore LLC*, No. 07 C 4887, 2009 WL 901011, at *6 (N.D. Ill. Mar. 31, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 743 (1983) . . . . . . . . 22

*Blevins v. Hudson & Keyse, Inc.*, 395 F. Supp. 2d 655 (S.D.Ohio 2004). . . . . .  5

*California Motor Transport Co. v. Trucking Unlimited,* 404 US 508 (1972) . . . . 22

*Carbonell v. Weinstein Pinson & Riley, P.S.*, No. 14cv20273–WPD, 2014 WL 2581043, *4 (S.D.Fla., May 30, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*Casso v. LVNV Funding, LLC*, 12 C 7328, 2013 WL 3270654 (N.D. Ill. June 26, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

*Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n*, 447 U.S. 557, 563

(1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*CFPB v. Frederick J. Hanna & Associates, P.C.*, 114 F.Supp.3d 1342, 1351 (N.D. Ga. 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12, 13

*Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

*Collins v. Sparacio*, 03 C 64, 2003 WL 21254256 (N.D.Ill., May 30, 2003). . . .  5

*Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253, (1992) . . . . . . . . . . . . . . .  6

*Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1259 (11th Cir. 2014) . . . . . 15

*Delawder v. Platinum Fin. Servs. Corp.*, 1:04-cv-680, 2005 U.S. Dist. LEXIS 40139 (S.D.Ohio March 1, 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

*Diaz v. Residential Credit Solutions, Inc.*, 965 F.Supp.2d 249 (E.D. N.Y. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Egert v. Connecticut General Life Insurance Co.*, 900 F.2d 1032, 1035 (7th Cir.1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

*Ehrhart v. Secretary of Health and Human Serv.*, 969 F.2d 534, 537 n. 4 (7th Cir.1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

*Ellis v. Solomon and Soloman*, P.C., 591 F.3d 130, 135-37 (2d Cir. 2010). . . . 28

*Fariasantos v. Rosenberg & Associates, LLC*, 2     F.Supp.3d 813 (E.D. Va. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*Foster v. DBS Collection Agency*, 463 F.Supp.2d 783, 802 (S.D.Ohio 2006) . . 11

*Foster v. Velocity Invs., LLC,* 07 C 0824 and 07 C 2989, 2007 WL 2461665, *2 (N.D. Ill. Aug. 24, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

*Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1517 (9th Cir.1994). . . . . . .  7

*Gearing v. Check Brokerage Corp.,* 233 F.3d 469 (7th Cir. 2000). . . . . . . . . . .  4

*Gionis v. Javitch, Block & Rathbone*, 405 F. Supp. 2d 856 (S.D.Ohio. 2005). . .  5

*Glazer v. Chase Home Finance, LLC*, 704 F.3d 453, 462 (6th Cir. 2013). . 15, 16

*Goldman v. Cohen*, 445 F.3d 152, 156-57 (2d Cir. 2006). . . . . . . . . . . . . . 27, 28

*Griffith v. Javitch, Block & Rathbone, LLP,* 1:04cv238 (S.D.Ohio, July 8, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

*Guevara v. Midland Funding NCC-2 Corp.*, 07 C 5858, 2008 WL 4865550 (N.D. Ill. June 20, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

*Harlan v. NRA Group, LLC*, 2011 WL 500024 (E.D. Pa. 2011). . . . . . . . . . . . 26

*Hart v. FCI Lender Services, Inc.*, 797 F.3d 219 (2d Cir. 2015). . . . . . . . . . . . 27

*Hartman v. Asset Acceptance Corp.,* 1:03-cv-113, 2004 U.S. Dist. LEXIS 24845 (S.D. Ohio Sept. 29. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 616 (6th Cir. 2009). . . . . . 22

*Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324, 332–33 (6th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Heintz v. Jenkins*, 514 U.S. 291 (1995). . . . . . . . . . . . . . . 1, 4, 6, 10, 13, 14, 16

*Hemmingsen v. Messerli & Kramer, P.A.*, 674 F.3d 814 (2012) . . . . . . . . . 8, 17

*Herkert v. MRC Receivables Corp.*, 655 F.Supp.2d 870, 875-76 (N.D.Ill. 2009)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32–33 (3d Cir. 2011) . . . . . . . . 15

*In re Andrus*, 189 B.R. 413, 417 (N.D. Ill. 1995) . . . . . . . . . . . . . . . . . . . . . . 23

*In re Crudup*, 287 B.R. 358 (E.D. N.C. 2002) . . . . . . . . . . . . . . . . . . . . . . . . 23

*In re Humes*, 468 B.R. 346 (Bankr. E.D. Ark. 2011), later opinion, 496 B.R. 557 (Bankr. E.D. Ark. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*In the Matter of Encore Capital Group, Inc., Midland Funding, LLC, Midland Credit Management, Inc. and Asset Acceptance Capital Corp.*, 2015-CFPB-0022 (consent order filed 09/09/2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*In the Matter of Portfolio Recovery Associates, LLC*, 2015-CFPB-0023 (consent order filed 09/09/2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Iyamu v. Clarfield, Okon, Salomone, & Pincus, P.L.,* 950 F.Supp.2d 1271 (S.D. Fla. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*Jacquez v. Diem Corp.*, CV-02-0500, 2003 WL 25548423 (D.Ariz. Feb. 20, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Jenkins v. Centurion Corp.,* 07 C 3838, 2007 WL 4109235, *2-3 (N.D. Ill. Nov. 15, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Lee v. Javitch, Block & Rathbone, LLP*, 484 F. Supp. 2d 816 (S.D.Ohio  2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Lox v. CDA, Ltd.,* 689 F.3d 818, 822, 824 (7th Cir. 2012). . . . . . . . . . . . . . . . 24

*Matmanivong v. Unifund*, 08 C 6415, 2009 WL 1181529, *3 (N.D. Ill. Apr. 28, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939 (9th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1021 (7th Cir. 2014). . . . . . 10

*Mendus v. Morgan & Assoc., P.C.*, 994 P.2d 83 (Okla. App. 1999). . . . . . . . . 5

*Miljkovic v. Shafritz and Dinkin, P.A.*, 791 F.3d 1291 (11th Cir. 2015) . . . . . . 8

*Miller v. Wolpoff & Abramson*, 321 F.3d 292 (2d Cir. 2003) . . . . . . . . . . . . 5

*Orr v. Westport Recovery Corp., 941 F.Supp.2d* 1377 (N.D. Ga. 2013). . . . . . 26

*O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 942 (7th Cir.2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Pepper v. Routh Crabtree, APC*, 219 P.3d 1017 (Alaska 2009). . . . . . . . . . . . 21

*Philip v. Sardo & Batista, P.C.*, 2011 WL 5513201 (D. N.J. 2011). . . . . . . . . . 26

*Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076 (7th Cir. 2013) . . . . . . . . . 7

*Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1079 (7th Cir. 2013) . . . . . 15

*Rawlinson v. Law Office of William M. Rudlow, LLC*, 460 Fed. App'x 254 (4th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Repairing a Broken System, Protecting Consumers in Debt Collection Litigation and Arbitration*, Federal Trade Commission, July 2010, p. i . . . . . . . . . . . . . 18

*Sayyed v. Wolpoff & Abramson*, 485 F.3d 226 (4th Cir. 2007) . . . . . . . . . . 6, 9

*Smith v. Hecker*, 2005 WL 894812 (E.D. Pa. 2005). . . . . . . . . . . . . . . . . . . 26

*Snyder v. Harris*, 394 U.S. 332, 338 (1969). . . . . . . . . . . . . . . . . . . . . . . 7, 13

*Sosa v. DIRECTV, Inc.*, 437 F.3d 923 (9th Cir.2006) . . . . . . . . . . . . . . . . . . 21

*Sprouse v. City Credits Co.*, 126 F.Supp.2d 1083, 1089 n. 8 (S.D.Ohio 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Stolicker v. Muller, Muller, Richmond, Harms, Myers & Sgroi, P.C.*, 1:04-CV-733, 2005 U.S. Dist. LEXIS 32404 (W.D.Mich., Sept. 9, 2005), later opinion, 2006 U.S. Dist. LEXIS 36000 (W.D. Mich., June 2, 2006). . . . . . . . . . . . . . . . . . .  5

*Stubbs v. Cavalry SPV I, LLC*, 12 C 7235,  2013 WL 1858587 (N.D. Ill. May 1, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

*Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636 (7th Cir. 2014) . . . . . . . . . . . .  7

*Sykes v. Mel S. Harris and Associates, LLC*, 780 F.3d 70, 92-94 (2d Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992) .. . . 24

*Thomas v. Simpson & Cybak*, 392 F.3d 914 (7th Cir. 2004).. . . . . . . . . . . . 4, 27

*Todd v. Collecto, Inc.*, 731 F.3d 734, 739 (7th Cir. 2013) . . . . . . . . . . . . . . .  7

*Todd v. Weltman, Weinberg & Reis Co.*, 434 F.3d 432 (6th Cir. 2006) . . . . . . .  9

*Tolentino v. Friedman*, 833 F.Supp. 697, 698-99 (N.D. Ill. 1993), aff'd in pertinent part, 46 F.3d 645 (7th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Tomas v. Bass & Moglowski, P.C.*, 99-C-277-S, 1999 U.S.Dist. LEXIS 21533 (W.D. Wis. June 29, 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

*United Mine Workers v. Pennington*, 381 U.S. 657 (1965) . . . . . . . . . . . . . . . 22

*United States v. Cent. Adjustment Bureau, Inc.*, 823 F.2d 880, 881 (5th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989). . . . . . . . . . 18

*Veach v. Sheeks*, 316 F.3d 690 (7th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . 5, 8

*Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373 (4th Cir. 2006) .. . . . . . . 15

*Wise v. Zwicker & Associates, P.C.*, 780 F.3d 710, 719 (6th Cir. 2015) cert. denied, 136 S. Ct. 793 (2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

## RULES, STATUTES AND REGULATIONS

12 U.S.C. § 5481(5). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

12 U.S.C. § 5517(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

12 U.S.C. § 5517(e)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

12 U.S.C. § 5519(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

15 U.S.C. §1692 *et seq.* ("FDCPA"). . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

15 U.S.C. §1692e. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

15 U.S.C. §1692e(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

15 U.S.C. §1692e(10) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

15 U.S.C. §1692e(11) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

15 U.S.C. §1692e(15) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 19, 20

15 U.S.C. §1692f. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 15

15 U.S.C. §1692g. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8, 25-27

15 U.S.C. § 1692g(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

15 U.S.C. § 1692g(a)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

15 U.S.C. § 1692g(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

15 U.S.C. § 1692g(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 27

15 U.S.C. §1692i. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

15 U.S.C. §1692l(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Dodd Frank Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4, 10

Fed. R. Civ. P. 12(f). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Fed. R. Civ. P. 8(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Fed. R. Civ. P. 10(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Noerr-Pennington* doctrine. . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 20-22, 24

Pub.L. 104-208, Title II, § 2305(a), Sept. 30, 1996, 110 Stat. 3009-425. . . . .  6

Pub.L. 109-351, Title VIII, § 802, Oct. 13, 2006, 120 Stat. 2006.. . . . . . . . .  6

Pub.L. 111-203, Title X, July 21, 2010, 124 Stat. 1955. . . . . . . . . . . . . . . . 10

Pub.L. 111-203, Title X, Subtitle H, 124 Stat. 2080. . . . . . . . . . . . . . . . . . . 10

Pub.L. 111-203, Title X, §1011, 124 Stat. 1964. . . . . . . . . . . . . . . . . . . . . . 10

Pub.L. 111-203, Title X, §1061(b)(5)(B)(I), 124 Stat. 2035. . . . . . . . . . . . . . 10

Pub.L. 111-203, Title X, §1027(e), July 21, 2010, 124 Stat. 1995. . . . . . . 11, 12

Pub.L. 111-203, Title X, §1089, July 21, 2010, 124 Stat. 2092.  . . . . . . . 10, 13

Pub.L. 111-203, Title X, §1089(4), 124 Stat. 1093. . . . . . . . . . . . . . . . . . . . 11

U.S. Const. amend. I . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 21, 23

U.S. Const. art. I, §8, cl. 3, Commerce Clause . . . . . . . . . . . . . . . . . . . . . . .  3

**SUMMARY OF THE ARGUMENT**

Recognizing the weakness of the district court's opinion below, Defendant NCO dedicated most of its brief attempting to convince this Court that statements made in state court pleadings are categorically exempt from FDCPA liability.  To accept its argument would effectively grant debt collection attorneys immunity, ignore the Supreme Court's holding in *Heintz v. Jenkins*, 514 U.S. 291 (1995), and ignore twenty years of Congressional and administrative ratification of that determination.

With respect to the merits, Defendants provide no convincing argument why the statement at issue in this case is not misleading as a matter of law when numerous federal courts — including this Court and the Second Circuit, as well as multiple district judges — have found statements identical or similar to it to be misleading for multiple reasons.

**ARGUMENT**

**I.    MISLEADING DIRECTIONS IN A STATE COURT COMPLAINT ABOUT HOW TO RESPOND TO IT ARE A VIOLATION OF THE FDCPA**

Recognizing the weakness of the district court's opinion – finding not misleading as a matter of law statements which this Court, the Second Circuit and other federal judges have found to be misleading – NCO dedicates most of its response brief to an "alternative ground for affirmance." NCO claims that misrepresentations in pleadings are completely exempt from the FDCPA. NCO makes this claim with respect to misrepresentations as to the manner of responding to a lawsuit that are similar to those expressly prohibited by the FDCPA and that are gratuitously inserted in a complaint even though they have nothing to do with any claim asserted in the complaint. NCO – an organization with such a long record of collection misconduct that one wonders why it has not been put out of business by regulators – thus requests a legal license to put any misrepresentation it desires in the package of papers it serves on a consumer as part of a lawsuit. The requested license has no legal foundation.

Although the broad issue of whether the FDCPA applies to state court pleadings was addressed in NCO's motion to dismiss the first amended complaint below, a number of the arguments NCO now puts forth in support of its position were not properly preserved for review. Nowhere in earlier briefing did NCO argue that the FDCPA failed to abrogate any absolute privilege attorneys are afforded under the common law for the content of their pleadings.

2

NCO also has not previously argued that it is beyond the scope of Congress's powers under the Commerce Clause to alter standards applicable to pleadings under state equivalents of Rule 11.  Accordingly, those arguments have been waived.  *Ehrhart v. Secretary of Health and Human Serv.*, 969 F.2d 534, 537 n. 4 (7th Cir.1992) ("Issues that a claimant fails to raise before the district court are waived on appeal.")

Additionally, NCO's arguments based on the Dodd Frank Act and on the First Amendment and corresponding *Noerr-Pennington* doctrine were first raised in the District Court in NCO's reply brief for its motion to dismiss the first amended complaint and were therefore also waived.  *Egert v. Connecticut General Life Insurance Co.*, 900 F.2d 1032, 1035 (7th Cir.1990) ("[O]ur cases on this point consistently declare that arguments withheld until the reply brief ordinarily will not be considered.") NCO purported to adopt those arguments by reference according to Federal Rule of Civil Procedure 10(c) in its motion to dismiss the second amended complaint. Apx. 32, Doc. No. 68-1, PageID# 875, 876. However, the court below, in its order dismissing the second amended complaint, noted that it was disregarding those arguments because Rule 10(c) does not allow for incorporation by reference in motions and briefs, only pleadings, and because to allow such incorporation would have permitted NCO to bypass page limits set by local rules.  Apx. 14, Doc. No. 79, PageID#925, n.1. NCO attempts to revive the arguments brought only in a reply brief, again citing Rule 10(c) to argue they were incorporated by reference in its second

3

motion to dismiss. However, Rule 10(c) does not apply to motions or briefs, and those arguments are not properly before this court.

Plaintiffs will nevertheless address the First Amendment and Dodd Frank arguments in relevant sections below.

## II.    THE PRESENT FDCPA COVERS IMPROPER LITIGATION CONDUCT OF ATTORNEYS

### A.    The Supreme Court Has Held That Litigation By Collection Attorneys Is Covered by the FDCPA

Instead of analyzing the current text of the FDCPA, NCO engages in extensive discussion of the legislative history of the 1977 FDCPA, which contained an exemption for attorneys, and the 1986 deletion of that exemption. NCO provides a lengthy historical exegesis as to why the FDCPA should not apply to the litigation conduct of collection attorneys.  However, we are not writing on a clean slate.

In *Heintz v. Jenkins*, 514 U.S. 291 (1995), the Supreme Court held that the FDCPA applies to collection litigation. *Id.* at 299.  In *Heintz*, the defendant claimed that the FDCPA did not apply to litigation activities, arguing the same purported legislative history asserted here. The Supreme Court rejected the argument and held that "Litigating, at first blush, seems simply one way of collecting a debt."  *Id.* at 297. The Court specifically rejected the position that only collection activities outside of litigation are covered by the FDCPA. *Id.*

Following *Heintz*, courts imposed liability for misrepresentations in pleadings.  *Thomas v. Simpson & Cybak,* 392 F.3d 914 (7th Cir. 2004); *Gearing*

4

*v. Check Brokerage Corp.,* 233 F.3d 469 (7th Cir. 2000); *Veach v. Sheeks*, 316 F.3d 690 (7th Cir. 2003) (misrepresentation of amount of debt in complaint); *Sprouse v. City Credits Co.*, 126 F.Supp.2d 1083, 1089 n. 8 (S.D.Ohio 2000) (finding that a summons and complaint served in a state court action constitute "initial communications" under the FDCPA);  *Mendus v. Morgan & Assoc., P.C.*, 994 P.2d 83 (Okla. App. 1999)(summons is "communication"); *Blevins v. Hudson & Keyse, Inc.*, 395 F. Supp. 2d 655 (S.D.Ohio 2004), later opinion, 395 F.Supp.2d 662 (S.D.Ohio 2004); *Hartman v. Asset Acceptance Corp.,* 1:03-cv-113, 2004 U.S. Dist. LEXIS 24845 (S.D. Ohio Sept. 29. 2004); *Delawder v. Platinum Fin. Servs. Corp.*, 1:04-cv-680, 2005 U.S. Dist. LEXIS 40139 (S.D.Ohio March 1, 2005); *Miller v. Wolpoff & Abramson*, 321 F.3d 292 (2d Cir. 2003) (complaint); *Tomas v. Bass & Moglowski, P.C.*, 99-C-277-S, 1999 U.S.Dist. LEXIS 21533 (W.D. Wis. June 29, 1999) (summons and complaint); *Jacquez v. Diem Corp.*, CV-02-0500, 2003 WL 25548423 (D.Ariz. Feb. 20, 2003) (writ of garnishment);  *Lee v. Javitch, Block & Rathbone, LLP*, 484 F. Supp. 2d 816 (S.D.Ohio  2007);  *Collins v. Sparacio*, 03 C 64, 2003 WL 21254256 (N.D.Ill., May 30, 2003), later opinion, 2004 WL 555957 (N.D.Ill. Mar 19, 2004); *Griffith v. Javitch, Block & Rathbone, LLP,* 1:04cv238 (S.D.Ohio, July 8, 2004); *Gionis v. Javitch, Block & Rathbone*, 405 F. Supp. 2d 856 (S.D.Ohio. 2005); *Stolicker v. Muller, Muller, Richmond, Harms, Myers & Sgroi, P.C.*, 1:04-CV-733, 2005 U.S. Dist. LEXIS 32404 (W.D.Mich., Sept. 9, 2005), later opinion, 2006 U.S. Dist. LEXIS 36000 (W.D. Mich., June 2, 2006).

### B.     Congress Has Adopted The Supreme Court's Holding

Following *Heintz*, Congress amended the FDCPA to exclude "formal pleadings" from two specific FDCPA requirements. In 1996 Congress amended §1692e(11) to exclude "formal pleadings" from that disclosure requirement of the FDCPA. (Pub.L. 104-208, Title II, § 2305(a), Sept. 30, 1996, 110 Stat. 3009-425.)   A similar amendment was made in 2006 to §1692g, by adding subdivision (d): "A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a)."  (Pub.L. 109-351, Title VIII, § 802, Oct. 13, 2006, 120 Stat. 2006.)

The import of this sequence of events is the exact opposite of what NCO suggests.  No exemption for pleadings was provided for any portions of the FDCPA other than §§1692e(11) and 1692g.  If, as NCO argues, "formal pleadings . . . were entirely exempt from the FDCPA, § 1692e(11)'s express exemption of formal pleadings would be unnecessary." *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 231 (4th Cir. 2007) (citing *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253, (1992) for the proposition that "[C]ourts should disfavor interpretations of statutes that render language superfluous"). Furthermore, the exemptions expressly recognize that a pleading is a "communication" with a consumer within the meaning of the FDCPA.  15 U.S.C. § 1692g(d) (referring to a "communication *in the form of a formal pleading*"); *see also Admiral Ins. Co. v. Weitz & Luxenberg*, P.C., No. 02 Civ.

6

2195(RWS), 2002 WL 31409450, *4, 2002 U.S. Dist. LEXIS 20306 (S.D.N.Y., Oct. 24, 2002) (exemption in insurance policy would be superfluous unless basic language afforded coverage).

In short, Congress, after being squarely presented with the issue of whether pleadings are communications with consumers subject to the FDCPA, amended the statute to provide that they are, with two exceptions that are not applicable here.

When Congress amends a statute which has been construed by the courts, the amendment represents a legislative approval of the construction that the courts placed upon the statute. *Snyder v. Harris*, 394 U.S. 332, 338 (1969). This principle applies with special force where, as here, the judicial construction is expressly accepted, with limited exceptions being provided. Thus, the two exceptions expressly made are the only ones permitted, and the general prohibitions against false statements in communications with consumers in §§1692e, 1692e(2) and 1692e(10) apply to pleadings.

After 2006, this Court and district courts in this circuit have continued to apply the FDCPA to collection litigation. *Todd v. Collecto, Inc.*, 731 F.3d 734, 739 (7th Cir. 2013) (citing *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1517 (9th Cir.1994)) ("[S]eeking a writ of garnishment when the debtor was not behind in making payments can violate §1692f."); *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076 (7th Cir. 2013) (holding that filing a time-barred lawsuit violates the FDCPA); *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636 (7th Cir.

2014) (en banc).  Both this Court and the Northern District have repeatedly

held that false representations in pleadings can, or do, violate the FDCPA.

*Veach v. Sheeks*, 316 F.3d 690 (7th Cir. 2003) (misrepresentation of amount of

debt in complaint);  *Jenkins v. Centurion Corp.,* 07 C 3838, 2007 WL 4109235,

*2-3 (N.D. Ill. Nov. 15, 2007) (holding that a plaintiff "can maintain a cause of

action under the FDCPA by alleging violations of the FDCPA in the state court

complaint"); *Casso v. LVNV Funding, LLC*, 12 C 7328, 2013 WL 3270654 (N.D.

Ill. June 26, 2013) (allegations of false representations in state court pleadings

stated a plausible claim under §1692e); *Stubbs v. Cavalry SPV I, LLC*, 12 C

7235,  2013 WL 1858587 (N.D. Ill. May 1, 2013) (same); *Matmanivong v.

Unifund*, 08 C 6415, 2009 WL 1181529, *3 (N.D. Ill. Apr. 28, 2009) (denying

motion to dismiss claims that false statement in state court collection

complaint violated the FDCPA); *Guevara v. Midland Funding NCC-2 Corp.*, 07 C

5858, 2008 WL 4865550 (N.D. Ill. June 20, 2008) ("present Seventh Circuit

case law does not preclude a claim based on false representation in a state

court complaint under the FDCPA"*); Foster v. Velocity Invs., LLC,* 07 C 0824

and 07 C 2989, 2007 WL 2461665, *2 (N.D. Ill. Aug. 24, 2007) ("a document

filed in a state court proceeding could be in violation of the FDCPA").

Many other courts also hold that false statements in pleadings violate the

FDCPA. *Miljkovic v. Shafritz and Dinkin, P.A.*, 791 F.3d 1291 (11th Cir. 2015)

(holding that pleadings are subject to the FDCPA except as provided in

§§1692e(11) and 1692g); *Hemmingsen v. Messerli & Kramer, P.A.*, 674 F.3d 814

(2012) (declining to adopt the lower court's "broad ruling that false statements not made [in summary judgment motion and thus not] directly to a consumer debtor are never actionable under § 1692(e)); *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939 (9th Cir. 2011) (debt collector violated FDCPA by requesting attorney's fees in its state court collection complaint without an agreement or statute authorizing it to do so); *Foster v. DBS Collection Agency*, 463 F.Supp.2d 783, 802 (S.D.Ohio 2006) (complaint requested attorney's fees not permitted by law); *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226 (4th Cir. 2007) (rejecting argument that "any statements made during the course of judicial proceedings" were exempt from FDCPA liability); *Todd v. Weltman, Weinberg & Reis Co.*, 434 F.3d 432 (6th Cir. 2006) (same).

### C.     The CFPB Has Adopted The Supreme Court's Holding

Finally, the Consumer Financial Protection Bureau ("CFPB"), which now has authority to interpret the FDCPA and issue regulations, 15 U.S.C. §1692l(d), considers collection litigation subject to the FDCPA. *CFPB v. Frederick J. Hanna & Associates, P.C.*, 114 F.Supp.3d 1342, 1351 (N.D. Ga. 2015); *In the Matter of Encore Capital Group, Inc., Midland Funding, LLC, Midland Credit Management, Inc. and Asset Acceptance Capital Corp.*, 2015-CFPB-0022 (consent order filed 09/09/2015); *In the Matter of Portfolio Recovery Associates, LLC*, 2015-CFPB-0023 (consent order filed 09/09/2015). The CFPB's position is entitled to deference. *Chevron U.S.A. Inc. v. Natural*

*Resources Defense Council, Inc.*, 467 U.S. 837 (1984); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1021 (7th Cir. 2014).

### D.    Nothing in the Dodd Frank Act Implies a Contrary Intent

NCO's citation to the Dodd Frank Act to show a congressional intent to exclude litigation activities from FDCPA liability after its passage in 2010 is equally unpersuasive. (NCO Br. 18-20) NCO cherry-picks a single provision of the massive Act and presents it out of context to argue that it *implies* congressional intent inconsistent with *Heintz*.  Context is, however, essential.

The Consumer Financial Protection Act ("CFPA") accounts for approximately 150 pages of the Dodd Frank Act.  Pub.L. 111-203, Title X, July 21, 2010, 124 Stat. 1955.  The CFPA created the Consumer Financial Protection Bureau ("CFPB").  *Id.* at § 1011, 124 Stat. 1964.  It then transferred powers and duties the Federal Trade Commission had under the numerous consumer laws enumerated in the CFPA, including the FDCPA, to the CFPB. *Id.* at § 1061(b)(5)(B)(I), 124 Stat. 2035.  It includes amendments to the text of twenty-five enumerated consumer laws to effectuate that transfer.  *Id.* at Subtitle H, 124 Stat. 2080.  Just over one page of the CFPA is dedicated to amending the FDCPA to transfer authority for its enforcement to the CFPB.  *Id.* at § 1089, 124 Stat. 2092-93.  The amendments are mostly technical—for example, changing "Commission" to "Bureau"—and evince no intent to substantively alter the FDCPA other than to grant rule-making authority to the

CFPB where the FTC had none.[1] *Id.* at §1089(4), 124 Stat. 1093 (codified at 15 U.S.C. § 1692l).

The language cited by NCO comes from Subtitle B of the CFPA, which sets out the general powers of the newly-created CFPB and then broadly defines the extent to which the authorities being transferred are to be limited or preserved. *Id.* at § 1027, 124 Stat. 1995. Among the authorities explicitly limited is supervisory or enforcement authority over the practice of law. The exception reads:

(e) Exclusion for practice of law

> (1) In general
>
> Except as provided under paragraph (2), the Bureau may not exercise any supervisory or enforcement authority with respect to an activity engaged in by an attorney as part of the practice of law under the laws of a State in which the attorney is licensed to practice law.
>
> (2) Rule of construction
>
> Paragraph (1) shall not be construed so as to limit the exercise by the Bureau of any supervisory, enforcement, or other authority regarding the offering or provision of a consumer financial product or service described in any subparagraph of section 1002(5) [codified at 12 U.S.C. § 5481(5)]—
>
> > (A) that is not offered or provided as part of, or incidental to, the practice of law, occurring exclusively within the scope of the attorney-client relationship; or

---

[1] NCO's brief mistakenly states that the Act excepted rule-making authority from the CFPB under the FDCPA. The only exception is for rule-making over "over a motor vehicle dealer that is predominantly engaged in the sale and servicing of motor vehicles, the leasing and servicing of motor vehicles, or both." *Id.* at § 1029(a), codified at 12 U.S.C. 55*19(a)*, not 55*17(e)*, the section NCO goes on to cite.

(B) that is otherwise offered or provided by the attorney in question with respect to any consumer who is not receiving legal advice or services from the attorney in connection with such financial product or service.

(3) Existing authority

Paragraph (1) shall not be construed so as to limit the authority of the Bureau with respect to any attorney, to the extent that such attorney is otherwise subject to any of the enumerated consumer laws or the authorities transferred under subtitle F or H [one of which is the FDCPA].

*Id.* at § 1027(e), 124 Stat. 1995 (codified at 12 U.S.C. § 5517(e)).

NCO emphasizes the language in subsection (1) and argues it "necessarily *implies* that activities involving the practice of law are beyond the scope of the FDCPA." (NCO Br. 20) (emphasis added).  However, subsection (3) clearly indicates that any authority the FTC had with respect to attorneys subject to the FDCPA remained intact when it was transferred to the CFPB under subtitles F and H of the CFPA.  *CFPB v. Frederick J. Hanna & Associates, P.C.*, 114 F.Supp.3d 1342, 1351 (N.D. Ga. 2015) ("To be clear, the practice-of-law exclusion does not apply to FDCPA claims.") Further, nothing cited by NCO suggests that private litigation, as opposed to enforcement action by the CFPB, is subject to this limitation.  The practice-of-law exclusion by its own terms applies only to activities of "the Bureau."   Pub.L. 111-203, Title X, § 1027(e) July 21, 2010, 124 Stat. 1995 (codified at 12 U.S.C. § 5517(e)(1)).

Additionally, the "rules of construction" in section (2) indicate that even certain activities "engaged in by an attorney as part of the practice of law under the laws" may be regulated by the CFPB.  *CFPB v. Frederick J. Hanna &*

*Associates, P.C.*, 114 F.Supp.3d at 1352. They preserve the CFPB's authority to "exert its authority over an attorney's debt collection practice 'that is otherwise offered or provided by the attorney in question **with respect to any consumer who is not receiving legal advice or services from the attorney in connection** with such financial product or service.'" *CFPB v. Frederick J. Hanna & Associates, P.C.*, 114 F.Supp.3d at 1353. In other words, while the practice-of-law exception prohibits the CFPB from exercising authority over attorneys' provision of services to their own clients, it does not limit the CFPB's authority over attorneys' debt-collection practices. *CFPB v. Frederick J. Hanna & Associates, P.C.*, 114 F.Supp.3d at 1350-59 (analyzing the text and legislative history of 12 U.S.C. § 5517(e) to reach this conclusion).

Most importantly, NCO does not argue that this provision *explicitly* excludes activities involving the practice of law from private FDCPA liability, only that it *implies* that Congress intended those activities are beyond the scope of the FDCPA. However, had Congress intended to undo *Heintz* or the 1996 or 2006 amendments and the construction the courts have since placed upon the FDCPA, it could have done so explicitly in the amendments to the FDCPA that effectuated the transfer. It did not. Pub.L. 111-203, Title X, § 1089, July 21, 2010, 124 Stat. 2092. To *infer* such a sweeping change to existing law unwarranted and untenable. *See Snyder v. Harris*, 394 U.S. at 338 (1969) (explaining that amendment of a statute represents a legislative approval of the construction that the courts placed upon the statute).

13

### E.    The Definition of "Collect" Does Not Exclude Litigation

Much of NCO's argument is not limited to the question of whether the FDCPA applies to the contents of pleadings.  Instead, NCO would have this Court overturn *Heintz* altogether.  First, NCO argues *Heintz* relied on an definition of the word "collect" that erroneous included "obtain[ing] payment . . . by legal proceedings." (NCO Br. 24-29) (citing *Heintz*, 514 U.S. at 294).  NCO proposes that "'collect' is defined as '[t]o call for and obtain payment of:'" (NCO Br. 8) (citing *American Heritage Dictionary*, p. 261 (1973)).  NCO fails, however, to explain how its proposed definition of "collect" necessarily excludes the use of litigation.

NCO instead argues that a debt cannot "collected" through litigation because payment of a consumer debt cannot be obtained through pre-judgment seizure or attachment and because the original debt ceases to exist when merged into a judgment.  (NCO Br. 29-30) But §1692g(a) expressly contemplates that the FDCPA applies to debts reduced to a judgment and describes the activities related to those judgments as "collection." 15 U.S.C. § 1692g(a), (b).  Thus, the allegedly "erroneous" construction of "collect" was adopted by Congress.

In addition, the inclusion of §1692i in the FDCPA is telling.  It dictates the venue in which a lawsuit by a debt collector may be brought.  Since the FDCPA regulates debt collectors and therefore debt collection, the inclusion of a provision directly addressing the filing of a lawsuit indicates that such

14

lawsuits are considered debt collection under the FDCPA.  *See Glazer v. Chase Home Finance, LLC*, 704 F.3d 453, 462 (6th Cir. 2013).

The act of filing of a lawsuit has also been held to violate the FDCPA when its purpose is to collect a time-barred debt, indicating that litigation is subject to the FDCPA.  *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1079 (7th Cir. 2013) (citing *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32–33 (3d Cir. 2011) (per curiam); *Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324, 332–33 (6th Cir. 2006); *Herkert v. MRC Receivables Corp.*, 655 F.Supp.2d 870, 875-76 (N.D.Ill. 2009)); *see Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1259 (11th Cir. 2014) ("Federal circuit and district courts have uniformly held that a debt collector's threatening to sue on a time-barred debt and/or filing a time-barred suit in state court to recover that debt violates §§ 1692e and 1692f.")

Even *in rem* actions seeking the foreclosure of a mortgage or lien have been held to be "debt collection."  *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373 (4th Cir. 2006) (holding that a mortgage foreclosure action is debt collection under the FDCPA and stating that the plaintiff's "'debt' remained a 'debt' even after foreclosure proceedings commenced" and the defendants' "actions surrounding the foreclosure proceedings were attempts to collect that debt" although also relying on direct requests for payment to conclude that the FDCPA applied); *Glazer v. Chase Home Finance, LLC*, 704 F.3d 453, 464 (6th Cir. 2013) ("[W]e hold that mortgage foreclosure is debt collection under the

15

Act."); *Rawlinson v. Law Office of William M. Rudlow, LLC*, 460 Fed. App'x 254 (4th Cir. 2012) (holding that replevin action is covered by the FDCPA, both with respect to the debtor and a family member named as a defendant because "Rudlow Law explained that it had named [the family member] as a defendant in the replevin action because she stated that [the debtor] lived with her and, therefore, "she would also have reasonably been in possession of, or known the location of, the subject vehicle.").  If seeking the surrender of collateral to satisfy a debt constitutes "collection," then so too must a lawsuit whose goal is to force repayment of a debt.

NCO's logic would have the Court ignore that the ultimate goal of litigating a consumer debt is for the debt to be repaid and is not simply an academic exercise of determining a plaintiff's right to repayment.  Such logic is unsupportable.  See *Glazer v. Chase Home Finance, LLC*, 704 F.3d 453, 463 (6th Cir. 2013) (holding that a foreclosure action is debt collection under the FDCPA and stating that "[t]here can be no serious doubt that the ultimate purpose of a foreclosure is the payment of money")

## F.     FDCPA Application to Litigation Does Not Interfere with Judicial Procedure

Ultimately, NCO asks that this Court effectively overturn *Heintz* and determine that any application of the FDCPA to litigation – and to pleadings specifically – improperly inserts federal oversight into judicial procedures. Application of the FDCPA to litigation need not, however, be an all-or-nothing proposition.  Courts deciding whether a statement in a pleading violates the

16

FDCPA are perfectly capable of drawing the boundaries of FDCPA application

to balance the interests at stake.  For example, in *Beler v. Blatt, Hasenmiller,*

*Leibsker & Moore, LLC*, 480 F.3d 470 (7th Cir. 2007), this Court held that the

FDCPA did not require Illinois to either forbid legalese in pleadings (for example

"replevin," "assumpsit," "account stated") or to amend constitutionally-

sufficient procedures for challenging post-judgment asset seizures to make

them more consumer-friendly, while at the same time recognizing that a " rule

against trickery differs from a command to use plain English and write at a

sixth-grade level."  480 F.3d at 473.  As the Eighth Circuit Court of Appeals

concluded:

> [T]he diverse situations in which potential FDCPA claims may arise
> during the course of litigation, and the Supreme Court's cautions
> in *Heintz* that careful crafting may be required in applying the
> statute's prohibitions to attorneys engaged in litigation, counsel
> against anything other than a case-by-case approach . . . .

*Hemmingsen v. Messerli & Kramer, P.A.*, 674 F.3d 814, 819 (8th Cir. 2012)

(distinguishing between a situation in which an attorney routinely files

complaints containing intentionally false assertions and dismisses any that are

not defaulted from one in which an attorney includes arguably false statements

sworn to by his client).

To adopt NCO's position would be to allow an attorney to insert any

statement – no matter how outlandishly false or misleading or how unrelated to

the statement of a cause of action– into a pleading without any meaningful

repercussion.  Particularly in cases involving pro se defendants and resulting

in default, when a collection court judge has little incentive to police complaint contents and little ability to systematically address patterns of abuse like FDCPA litigation does. *See Sykes v. Mel S. Harris and Associates, LLC*, 780 F.3d 70, 92-94 (2d Cir. 2015) (explaining superiority of FDCPA class action in addressing widespread fraudulent debt collection actions); *Repairing a Broken System, Protecting Consumers in Debt Collection Litigation and Arbitration*, Federal Trade Commission, July 2010, p. i ("Based on its extensive analysis, the Federal Trade Commission . . . concludes that neither litigation nor arbitration currently provides adequate protection for consumers. The system for resolving disputes about consumer debts is broken.").

### G.  The FDCPA expressly covers misleading statements about responding to collection lawsuits

A good starting point for construing a statute is its language. *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989).

Section 1692e(15) prohibits "The false representation or implication that documents are not legal process forms or do not require action by the consumer."

It is clear from the structure of §1692e – an introductory clause prohibiting "any false, deceptive, or misleading representation or means in connection with the collection of any debt" followed by specific examples of conduct which, "[w]ithout limiting the general application of the foregoing," are deemed to be a violation of this section  –  that representations similar but not identical to those listed in the specific sections are covered by the general

18

language.  For example, although §1692e(15) expressly deals with false

representations or "implications" that the consumer need not respond at all to

legal process, misrepresentations as to the manner or place of response should

also be covered.   Giving the consumer the wrong date, time, address or other

instructions about how to respond to legal process forms is just as bad as

telling the consumer that they don't have to appear at all: both will produce a

default judgment.

A representation in the initial package of documents served on a

consumer in connection with a lawsuit that misleads or misdirects the

consumer with respect to the proper response to the lawsuit violates the

FDCPA just as giving the wrong date, time, address or other instructions

would.  *See Tolentino v. Friedman*, 833 F.Supp. 697, 698-99 (N.D. Ill. 1993),

aff'd in pertinent part, 46 F.3d 645 (7th Cir. 1995) (ominous "important notice"

drafted by debt collector accompanied summons and complaint); *See In re

Humes*, 468 B.R. 346 (Bankr. E.D. Ark. 2011), later opinion, 496 B.R. 557

(Bankr. E.D. Ark. 2013) ("orange paper" attached to complaint asked consumer

to call collection attorney to "avoid the necessity of you appearing in Court or

filing an Answer"; consumer called attorney, made payment arrangements, but

had default judgment entered against him).

NCO's argument that ¶12's misleading statements about responding to

collection lawsuits are not made "in connection with the collection of debt" is

frivolous and underscores why improper litigation conduct of attorneys needs

19

to be covered.  Section 1692e covers conduct "in connection with the collection

of debts."  Section 1692e(15)'s inclusion in the list of examples of conduct

covered by §1692e necessarily means that representations concerning "legal

process forms" are made "in connection with the collection of any debt."  It

inevitably follows that Congress considered other misleading statements about

how to respond to legal process forms to also be part of the collection of a debt.

Accordingly, NCO's argument that ¶ 12 "is not a representation or means taken

in connection with the collection of debt" is simply wrong.

### III.  THE FIRST AMENDMENT PETITION CLAUSE DOES NOT IMMUNIZE PLEADINGS FROM THE FDCPA

NCO argues that the *Noerr-Pennington* doctrine dictates that "qualified

immunity from suit is provided to petitioning parties who are sued for violating

a federal law unless there is a showing in the federal suit that the prior was

both objectively baseless and subjectively motivated by an unlawful purpose."

(NCO Br. 23) (citing *BE & K Const. Co. v. NLRB*, 536 U.S. 516, 525 (2002)).

However, this statement attempts to invoke the "sham" exception to immunity

under the *Noerr-Pennington* doctrine without establishing that *Noerr-Pennington*

requires pleadings be immune from FDCPA liability in the first place.  *See BE &

K Const. Co.* 536 U.S. at 525-25 (enunciating a "sham" exception to

*Noerr-Pennington* immunity in recognition that "such immunity [should] not

extend to 'illegal and reprehensible practice[s] which may corrupt the . . .

judicial proces[s]'"). It does not.

20

NCO rightly identifies *Noerr-Pennington* not as an immunity for all litigation activity but as a rule of construction under which courts are to read a federal statute that potentially burdens the First Amendment's Right to Petition as narrowly as necessary to be consistent with that constitutional right. *Sosa v. DIRECTV, Inc.*, 437 F.3d 923 (9th Cir.2006) (citing *BE & K Const. Co.*, 536 U.S. at 531-32). However, it is unnecessary to construe the FDCPA as not applying to pleadings to avoid the constitutional issue since the FDCPA imposes no burdens greater than those already imposed on attorneys in litigation. As noted by the Supreme Court of Alaska in deciding whether *Noerr-Pennington* immunized pleadings under its state law equivalent to the FDCPA:

> [The plaintiff] is not challenging [the debt collector attorney's] rights to . . . litigate its claims fully, consistent with well-known procedural, substantive, and ethical requirements. . . . [The plaintiff's] claims would appear to burden [defendant's] petitioning activities no more than our rules of professional conduct or standards of practice already do.

*Pepper v. Routh Crabtree, APC*, 219 P.3d 1017 (Alaska 2009); *see also Berg v. Blatt, Hasenmiller, Leibsker & Moore LLC*, No. 07 C 4887, 2009 WL 901011, at *6 (N.D. Ill. Mar. 31, 2009) ("[T]he court is not persuaded that imposing FDCPA standards of accuracy and fairness on a state court filing constitutes any genuine burden.") The Sixth Circuit Court of Appeals has also explicitly "rejected *Noerr–Pennington* protection for false statements in a debt-collector's complaint, recognizing that the Petition Clause does not protect 'sham petitions, baseless litigation, or petitions containing "intentional and reckless falsehoods."'" *Wise v. Zwicker & Associates, P.C.*, 780 F.3d 710, 719 (6th Cir.

21

2015) cert. denied, 136 S. Ct. 793 (2016) (citing *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 616 (6th Cir. 2009)).

Additionally, the types of debt collection lawsuits at issue in this case are attempts to enforce commercial transactions and do not warrant the same First Amendment protections as the petitioning activities involved in the cases from which the *Noerr-Pennington* doctrine evolved. *See Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961) (granting immunity from anti-trust law to railroad companies' petitioning of legislature in effort to influence legislation regulating trucking); *United Mine Workers v. Pennington*, 381 U.S. 657 (1965) (extending immunity from anti-trust law to lobbying activities directed toward executive branch officials even if intent or purpose is anticompetitive); *California Motor Transport Co. v. Trucking Unlimited,* 404 US 508 (1972) (extending immunity from anti-trust laws to petitioning activities involving judicial proceedings); *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 743 (1983) (holding injunction against very act of filing a lawsuit implicates Petition Clause).

Plaintiffs only seek liability under the FDCPA for a misleading statement about responding to a lawsuit, not even the act of filing and prosecuting debt collection lawsuits itself. Most debt collection activity, such as defendants' suits against plaintiffs, is at best "commercial speech" because it does nothing more than seek to enforce a commercial transaction. *United States v. Cent. Adjustment Bureau, Inc.*, 823 F.2d 880, 881 (5th Cir. 1987) (debt collection is at

22

best entitled to limited protection for commercial speech); *In re Andrus*, 189

B.R. 413, 417 (N.D. Ill. 1995) (rejecting First Amendment challenge to contempt

citation for attempted collection of debt discharged in bankruptcy, and finding

that speech involved was "commercial"); *In re Crudup*, 287 B.R. 358 (E.D. N.C.

2002) (similar). The Constitution "accords a much lesser protection to

commercial speech than to other constitutionally guaranteed expression." *Cent.*

*Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n*, 447 U.S. 557, 563 (1980).

### A.     Misleading statements in complaint with no relation to substance of claims are not protected by First Amendment

Critically, the statements at issue here have nothing to do with any

assertions of facts or law relating to any claims stated in the collection

complaint.  They are totally concerned with the manner in which the consumer

is to respond to the claim.  Misleading statements of that nature are no more

"protected" by the First Amendment than telling a consumer not to appear or

filling out the wrong address or date in the copy of a summons served on the

consumer.

NCO's concern that the FDCPA's imposition of "strict liability for any

potentially confusing statement," (NCO Br. 24), in a pleading would violate its

Right to Petition is overstated and simply unfounded as nothing in the FDCPA

precludes courts from judging statements within the context they are made,

including in the legal context of a pleading. *See Beler v. Blatt, Hasenmiller,*

*Leibsker & Moore, LLC*, 480 F.3d 470, 473-74 (7th Cir. 2007) ("Several parts of

the FDCPA require notice about particular topics, and we have held that the

required notices must be clear rather than muddy. That's some distance from saying that everything a lawyer writes during the course of litigation must be stated in plain English understandable by unsophisticated consumers.") Judges have long been called on to discern content that constitutes "a short and plain statement of the claim showing that the pleader is entitled to relief" from "immaterial, impertinent, or scandalous matter" inserted into a complaint with ulterior motives. Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 12(f); *see Talbot v. Robert Matthews Distrib. Co.,* 961 F.2d 654, 664 (7th Cir. 1992) ("Allegations may be stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice.") They can just as easily recognize contents of pleadings gratuitously inserted to mislead. A construction of the FDCPA under the *Noerr-Pennington* doctrine that would immunize all contents of pleadings from its application is therefore unnecessary.

## IV.     MISLEADING STATEMENTS ABOUT HOW TO RESPOND TO A LAWSUIT ARE MATERIAL AS A MATTER OF LAW

NCO next claims that the misrepresentation was immaterial. A misrepresentation is material under the FDCPA if affects the way a consumer responds. *Lox v. CDA, Ltd.,* 689 F.3d 818, 822, 824 (7th Cir. 2012); *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 942 (7th Cir.2011) (stating a misrepresentation is material if it has "the ability to influence a *consumer's* decision.")

That a consumer being sued to collect a debt should properly respond is

24

obviously material, and unnecessary and gratuitous confusion on that subject is necessarily material. For example, Ms. Russell, who simply had to file an appearance by February 5, 2014 and follow the instructions regarding appearance given her at that time, was told that the debt would be assumed valid if she did not "dispute" it by January 26, 2014. Fortunately she hired counsel. However, if she took ¶12 at face value, she could have (a) prepared a dispute, made some error, and harmed her case or (b) found herself unable to prepare a dispute and given up attempting to contest the matter.

## V. ALL DEFENDANTS CLAIMS THAT A REPRESENTATION HELD TO BE MISLEADING BY THE SECOND CIRCUIT AND NUMEROUS FEDERAL DISTRICT JUDGES IS NOT MISLEADING AS A MATTER OF LAW IS MERITLESS

The remainder of NCO's argument and all of the arguments offered by defendants Weinstein, Pinson & Reiley, P.S. and Evan L. Moscov involve a tortured parsing of ¶12 meant to convince the Court that it is not misleading as a matter of law. NCO says nothing not addressed in plaintiffs' opening brief. Defendants Weinstein, Pinson & Reiley, P.S. and Evan L Moscov engage in outright misrepresentations.

First, WPR and Moscov state that plaintiffs offer no explanation for "how the repetition of the validation language in ¶12 could have misled or prejudiced them since they had already gotten compliant §1692g letters long before the collection lawsuit." WPR Br. 3. However, plaintiffs' entire opening brief explained how ¶12 was misleading. That it was a repetition of an earlier notice does not alter its misleading nature. An unsophisticated consumer would not

know §1692g mandates a notice, much less recognize that a second such notice in a complaint—especially one containing an incorrect statutory citation—is redundant and can simply be disregarded.

Next, WPR and Moscov argue that the cases plaintiffs cite are inapposite because involve §1692g violations, not the §1692e violations alleged in this case.  Several did involve §1692e claims.  *See Diaz v. Residential Credit Solutions, Inc.*, 965 F.Supp.2d 249 (E.D. N.Y. 2013); *Harlan v. NRA Group, LLC*, 2011 WL 500024 (E.D. Pa. 2011); *Orr v. Westport Recovery Corp., 941 F.Supp.2d* 1377 (N.D. Ga. 2013); *Iyamu v. Clarfield, Okon, Salomone, & Pincus, P.L.,* 950 F.Supp.2d 1271 (S.D. Fla. 2013); *Fariasantos v. Rosenberg & Associates, LLC*, 2 F.Supp.3d 813 (E.D. Va. 2014); *Smith v. Hecker*, 2005 WL 894812 (E.D. Pa. 2005); *Philip v. Sardo & Batista, P.C.*, 2011 WL 5513201 (D. N.J. 2011). Furthermore, all of the cases at issue are cited only in support of plaintiffs' argument that omitting "by the debt collector" after "assumed to be valid" misleads the consumer into believing the debt will be assumed valid by all involved, not just by the debt collector providing the notice.  It is the potential to mislead, for which these cases are cited.  The standard of "misleading" is the same in both contexts, and decisions holding that the statement's language violates §1692g because it is misleading are on point here. *See Carbonell v. Weinstein Pinson & Riley, P.S.*, No. 14cv20273–WPD, 2014 WL 2581043, *4 (S.D.Fla., May 30, 2014) (same language as paragraph

12 found to be misleading because it omitted the "by the debt collector" language of section 15 U.S.C. § 1692g(a)(3)).

Finally, WPR and Moscov argue plaintiffs' citation of appellate court cases are inapposite because they presented different questions than presented in this case. However, in each case the courts addressed the confusion that an inadequate §1692g notice or one sent simultaneously with a complaint can create, and it is for that purpose plaintiffs cited them. In *Hart v. FCI Lender Services, Inc.*, 797 F.3d 219 (2d Cir. 2015), the court noted that by leaving out the "by the debt collector" after "will be assumed valid" in the letter at issue "a consumer who fails timely to act upon the letter might believe that she has forfeited her right to challenge the accuracy of FCI's debt assessment." *Id.* at 227. In *Thomas v. Simpson & Cybak,* 392 F.3d at 919*,* this Court noted that a validation notice sent with or within five days of a complaint—as was required prior to the 2006 amendments—"could potentially give a debtor the false impression that it has 30 days before it is required to take any action in the lawsuit" unless accompanied by a warning "that the advice contained in the § 1692g validation notice in no way alters the debtor's rights or obligations with respect to the lawsuit." *Goldman v. Cohen*, 445 F.3d 152, 156-57 (2d Cir. 2006). In fact, the 2006 amendment to the FDCPA to exclude formal pleadings from being treated as an initial communication for which a §1692g notice is required was to prevent this very confusion. 15 U.S.C. §1692g(d). By continuing to deliver in their complaints the language identified by *Thomas* and

*Goldman* as confusing, defendants continue to risk the very confusion of which

those cases warned, just as the Second Circuit held after the 2006

amendments in *Ellis v. Solomon and Soloman*, P.C., 591 F.3d 130, 135-37 (2d

Cir. 2010).

## VI.    CONCLUSION

For the reasons stated above and in plaintiffs' opening brief, the

judgment appealed from should be reversed and the case remanded for further

procedings.

Respectfully submitted,

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
     & GOODWIN, L.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

I, Daniel A. Edelman, hereby certify that on April 7, 2016, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system, which sent notification of such filing to the following parties via electronic mail:

James O. Latturner, jlatturner@edcombs.com

Tiffany Nicole Hardy, thardy@edcombs.com,

Justin M Penn, jpenn@hinshawlaw.com

Cathleen M. Combs. ccombs@edcombs.com

Michael D. Slodov, mslodov@sessions-law.biz

James Kevin Schultz, jschultz@sessions-law.biz

Shannon M Geier, sgeier@sessions-law.biz

David M Schultz, dschultz@hinshawlaw.com


s/Daniel A. Edelman
Daniel A. Edelman

**TYPE VOLUME CERTIFICATION**

In accordance with Fed.R.App.P. 32(a)(7)(C), I, Daniel A. Edelman, certify that this brief meets the type-volume limitation of the Seventh Circuit Rule 32(a) in that it contains 6,928 words according to the word-counting feature of Corel WordPerfect X6, the program used to produce it.

s/Daniel A. Edelman
Daniel A. Edelman